UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
JOSEPH LEEMAN, on behalf of himself and
all other persons similarly situated,

                              Plaintiff,                            **CLASS ACTION**
                                                                          **COMPLAINT**

   -against-

BEST BUY STORES, L.P.,
                              Defendants.
------------------------------------------------------------------------X

Plaintiff, JOSEPH LEEMAN ("Plaintiff"), on behalf of himself and all other persons similarly situated, by and through his attorneys, the Law Office of Peter A. Romero PLLC, complaining of the Defendant, BEST BUY STORES, L.P. ("Defendant"), alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action on behalf of himself and similarly situated current and former employees of Defendant who were employed as manual workers in the State of New York pursuant to Rule 23 of the Federal Rules of Civil Procedure to recover statutory damages for violation of New York Labor Law §191, §196-d and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142 ("New York Labor Law"). Plaintiff seeks injunctive and declaratory relief, compensatory damages, liquidated damages, punitive damages, attorneys' fees and other appropriate relief.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332 because there is diversity of citizenship between Plaintiff and Defendant and the amount in controversy exceeds $75,000.00.

3. Venue is proper in the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## PARTIES

4. Plaintiff is a resident of the State of New York.

5. At all times relevant, Plaintiff was an "employee" within the meaning of Labor Law §190(2) and a "manual worker" within the meaning of Labor Law §190(4).

6. Defendant is a foreign limited partnership established in the State of Virginia with corporate headquarters located in the State of Minnesota.

7. At all times relevant, Defendant was an "employer" within the meaning of Labor Law §190(3).

## FACTUAL ALLEGATIONS

8. Defendant is a multinational consumer electronics retailer with 52 stores in New York.

9. Plaintiff was employed by Defendant as an hourly-paid, manual worker from in or about 2005 until on or about December 18, 2019. Plaintiff's job duties as a Geek Squad Associate included installing and maintaining television and home theater systems for Best Buy customers.

10. Defendant failed to pay Plaintiff and similarly situated manual workers "on a weekly basis and not later than seven calendar days after the end of the week in which the wages are earned." Instead, Defendant paid Plaintiff and similarly situated manual workers on a bi-weekly basis in violation of New York Labor Law § 191.

11. Defendant's policies and procedures required members of the Geek Squad to reject and/or decline gratuities offered by Best Buy customers. If a Best Buy customer insisted on giving

a gratuity to a member of the Geek Squad, Defendant's *de facto* policy required the employee to remit the gratuity to Best Buy in violation of New York Labor Law §196-d and New York common law.

12. Throughout his employment with Defendant, Plaintiff regularly remitted to Defendant gratuities that he received from Defendant's customers in accordance with Defendant's *de facto* policy.

## RULE 23 CLASS ACTION ALLEGATIONS
## NEW YORK STATE LABOR LAW

13. Plaintiff brings New York Labor Law claims on behalf of himself and a class of persons under F.R.C.P. Rule 23 consisting of all persons who are currently, or have been, employed by the Defendant as hourly paid manual workers in the State of New York at any time during the six (6) years prior to the filing of this Complaint (hereinafter referred to as the "Class" or the "Class Members").

14. The Class Members are readily ascertainable. The number and identity of the Class Members are determinable from the records of Defendant. The hours assigned and worked, the position held, and rates of pay for each Class Member may also be determinable from Defendant's records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendant. Notice can be provided by means permissible under F.R.C.P. Rule 23.

15. The proposed Class is numerous such that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown because the facts on which the calculation of that number rests presently within the sole control of Defendant, upon information and belief there are

over forty (40) individuals who are currently, or have been, employed by the Defendants as manual workers at any time during the six (6) years prior to the filing of this Complaint.

16. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including, but not limited to, whether Defendant paid Plaintiff and Class Members on a bi-weekly basis in violation of Labor Law section 191; whether Defendant required Plaintiff and Class Members to remit their gratuities to Defendant; and the nature and extent of the Class-wide injury and the appropriate measure of damages for the class.

17. Plaintiff's claims are typical of the claims of the Class that he seeks to represent. Defendant failed to pay Plaintiff "on a weekly basis and not later than seven calendar days after the end of the week in which the wages are earned." Plaintiff's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class Members were subject to the same corporate practices of Defendant. Defendant's corporate-wide policies and practices affected all Class Members similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each Class Member. Plaintiff and other Class Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices, and procedures.

18. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff has retained counsel competent and experienced in class actions, wage and hour litigation, and employment litigation.

19. A class action is superior to other available methods for the fair and efficient adjudication of litigation, particularly in the context of wage and hour litigation like the present

action, where individual Plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in court against a corporate defendant.

20. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant savings of these costs.

21. The members of the Class have been damaged and are entitled to recovery as a result of Defendant's common and uniform policies, practices, and procedures. Although the relative damages suffered by individual Rule 23 Class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that may result in inconsistent judgments about Defendant's practices.

22. Furthermore, current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide Class Members who are not named in the complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing those risks.

## FIRST CLAIM FOR RELIEF
## NYLL §191 FREQUENCY OF PAYMENT

23. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

24. Plaintiff and Class Members are manual workers as defined by the New York Labor Law.

25. Defendants were required to pay the Plaintiff and Class Members on a weekly basis, and no later than seven days after the end of the workweek in which the wages were earned.

26. Defendants failed to pay Plaintiff and Class Members on a weekly basis and instead paid Plaintiff and Class Members bi-weekly or semi-monthly in violation of Labor Law §191.

27. Plaintiff and Class Members are entitled to damages equal to the total of the delayed wages and reasonable attorney's fees and costs.

## SECOND CLAIM FOR RELIEF
## NYLL SECTION §196-d GRATUITIES

28. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

29. Defendant required gratuities received by Plaintiff and Class Members be remitted to Defendant and retained such gratuities in violation of New York Labor Law §196-d.

30. Plaintiff and Class Members are entitled to damages equal to the amount of the gratuities that they remitted, liquidated damages, interest, and reasonable attorney's fees and costs.

## THIRD CLAIM FOR RELIEF
## UNJUST ENRICHMENT

31. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

32. Plaintiff and Class Members performed a significant amount of work for the benefit of Defendant, as Defendant's behest, for which they received compensation partially through tips and gratuities from Defendant's customers.

33. Plaintiff and Class Members were required to remit to Defendant the gratuities that they received from customers. Defendant retained those tips and gratuities intended for Plaintiff and Class Members.

34. Defendant was enriched at expense of Plaintiff and Class Members and it is against equity and good conscience to permit Defendant to retain what is sought to be recovered.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated persons, prays for the following relief:

(i.) Certification of a Class Action pursuant to F.R.C.P. 23;

(ii.) Designation of Plaintiff as representative of the Class and counsel of record as Class Counsel;

(iii.) Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under the NYLL and the supporting N.Y.S DOL Regulations;

(iv.) Damages pursuant to NYLL §198;

(v.) Restitution for unjust enrichment;

(vi.) Reasonable attorneys' fees and the costs incurred in prosecuting these claims;

(vii.) Pre-judgment and post-judgment interest as permitted by law; and

(viii.) Such other relief as this Court deems just and proper.

Dated: Hauppauge, New York
January 8, 2020

          LAW OFFICE OF PETER A. ROMERO PLLC

By:   */s Peter A. Romero*
      Peter A. Romero, Esq.
      825 Veterans Highway-Ste. B
      Hauppauge, New York 11788
      Tel. (631) 257-5588
      promero@romerolawny.com

*Attorneys for Plaintiff*